# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

MICHELE CLARY-BUTLER,
    *Plaintiff*,

v.

No. 3:17-cv-00597 (JAM)

AFSCME Local 3144 Union, *et al.*,
    *Defendants*.

## ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

Plaintiff Michele Clary-Butler has filed this *pro se* lawsuit against numerous defendants alleging numerous violations of the law. Because I conclude that the complaint does not allege facts that give rise to plausible grounds for relief or that give fair notice to any of the defendants about what plaintiff believes each one of them did wrong, I will dismiss the complaint without prejudice to plaintiff's filing of an amended complaint by May 15, 2017.

### BACKGROUND

Plaintiff is or was employed as an elderly services specialist by the City of New Haven. Doc. #1 at 3. According to the complaint, "[n]umerous violations have been violated in accordance to the City of New Haven and Management + Professional Management Union Local 3144 Council 4 bargaining union Contract in regards to Recognition, Management Rights, Union Security, Seniority, Lay off, Dues, Work Hours, Longevity, Discharge + Discipline, Salaries, Union Security, Pension, Grievance Procedures, Non Discrimination, Past Practice, miscellaneous, Equal Pay, Workplace fairness." *Ibid*. The complaint further states that plaintiff was subject to "[h]arassment, hostile work environment, lack of representation[,] Unfair Treatment, Retaliation, violation of the City of New Haven Zero tolerance policies + procedures handbook, slander, torment, violation of the Wagner Act, violation of the Civil Service Reform

1

Act[,] Violation of the Fair Labor Standards Act, violation of the Civil Service Rights Act." *Id.* at 5. The complaint elsewhere references Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Civil Rights Act of 1991, and Connecticut state law. *Id.* at 3.

The complaint goes on to list the names of large numbers of individuals (many of whom are not identified in the caption as defendants) and then alleges with no factual elaboration that they violated a variety of duties imposed under the law or a union contract. *Id.* at 3–6. Plaintiff has also included several hundred pages of exhibit attachments that are a hodgepodge of documents such as letters, memos, notes, emails, and administrative complaints. It is not possible to discern to what extent any of the factual matter that appears in this collection of documents is germane to plaintiff's claims.

## DISCUSSION

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although courts are obliged to interpret a *pro se* complaint liberally, even a *pro se* complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

The complaint here states almost no facts as distinct from legal conclusions that one or more of the defendants violated the law. The complaint lumps numerous defendants together and claims that they violated the law but without alleging any specific facts about what each defendant did wrong. Similarly, the complaint alleges broad date ranges but without any allegations of any particular actions that occurred on particular or approximate dates. Because the complaint is so bare of facts—as distinct from conclusory allegations of violations of the law—no defendant could possibly file a meaningful answer or response to plaintiff's claims. *See Ferrari v. U.S. Equities Corp.*, 2014 WL 5144736, at *3 (D. Conn. 2014) (dismissing a complaint that was "a jumble of factual allegations that are far from clear how they relate—if at all—to one another," and for failure of the complaint to "describe in any reasonable detail the individual conduct and responsibility of defendants . . . or make clear why each of [the defendants] could plausibly be subject to liability for each and every one of the seriatim violations listed at the end of the complaint").

Because the complaint does not comply with the basic fair notice requirements of Fed. R. Civ. P. 8 and does not otherwise allege facts that give rise to plausible grounds for relief, I will dismiss the complaint without prejudice to plaintiff's filing an amended complaint. Plaintiff is advised that any amended complaint should allege specific facts and approximate dates of any alleged misconduct by each one of the entities or persons who are named as defendants. Any amended complaint should identify the title and position of any individual defendant and make clear how it is that plaintiff interacted with each defendant. It is not sufficient for plaintiff simply to allege that a group of defendants have violated the law without alleging the specific acts of misconduct engaged in by each individual defendant that amount to a violation of a specific law. For example, if plaintiff believes that she was subject to harassment, a hostile work environment,

3

slander, and torment, then she should allege facts describing precisely who engaged in specific acts on specific or approximate dates that amounted to harassment, a hostile work environment, slander, or torment. Although plaintiff may refer to and attach documents to her complaint if she wishes, such attached documents are not a substitute for plaintiff alleging specific facts and legal claims that must be made stated in the body of the complaint itself.

In addition, any amended complaint should also allege any predicate facts that are required to be established for plaintiff to show that she is entitled to protection under any particular law that she believes was violated (*e.g.*, if plaintiff claims a violation of Title VII of the Civil Rights Act of 1964, then she should allege facts showing that she is within the class of persons who are entitled to protection under Title VII and facts showing how she was subject to discrimination or retaliation in violation of Title VII). Lastly, plaintiff should be cognizant of any statute of limitations that may limit her ability to seek relief for acts that occurred a long time ago.

## CONCLUSION

The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff may file an amended complaint by May 15, 2017, that complies with the pleading requirements described above. If no amended complaint is filed by May 15, 2017, the Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 14th day of April, 2017.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge